1999 ND 26

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Eric Alan HILL, Defendant and Appellant.**

**Criminal No. 980140**

Supreme Court of North Dakota.

Feb. 23, 1999.

Mark R. Boening, Assistant State's Attorney, Fargo, for plaintiff and appellee.

Richard Edward Edinger, Moorhead, for defendant and appellant.

MARING, Justice.

[¶ 1] Eric Alan Hill appealed from a judgment of conviction, upon a jury verdict finding him guilty of two counts of gross sexual imposition and one count of terrorizing. We affirm.

[¶ 2] Hill was charged with class B felony gross sexual imposition under N.D.C.C. § 12.1–20–03 for engaging in sexual contact with a 13–year–old female by touching her private parts with his fingers and tongue. Hill was charged with class A felony gross sexual imposition under the same statute for engaging in sexual intercourse with the same 13–year–old victim. Hill was charged with class C felony terrorizing under N.D.C.C. § 12.1–17–04 for telling the victim, after engaging in sexual intercourse with her, that "if she told anyone about what he had done, she would be in her grave." The jury found Hill guilty on all counts, and he was sentenced to concurrent terms of incarceration in the State Penitentiary for 5 years on the terrorizing conviction and for 10 years and 20 years, respectively, on the gross sexual imposition convictions. Hill appealed.

I

Sequestration Violation

[¶ 3] Hill claims the trial court committed reversible error by allowing three rebuttal witnesses to testify for the State even though they had listened to testimony of other witnesses in violation of a sequestration order by the court.

[¶ 4] N.D.R.Ev. 615 provides for the sequestration of witnesses at a trial:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion....

The rule is derived from Rule 615 of the Federal Rules of Evidence and its application for sequestration, upon request by a party, is mandatory. *State v. Miller*, 466 N.W.2d 128, 131 (N.D.1991). The three rebuttal witnesses objected to by Hill are the victim, Jack Lucas, and Lois Anderson. The victim and Lucas testified during the State's case-in-chief. Each of these witnesses was present in the courtroom until it became apparent they would be required to testify in rebuttal, at which time the prosecuting attorney asked them to leave the courtroom. The court overruled Hill's objections and allowed

each of these witnesses to give rebuttal testimony.

[¶ 5] The purpose of the sequestration rule "is to prevent witnesses from tailoring their testimony to that which has already been presented and to help in detecting testimony that is less than candid." *United States v. Hargrove*, 929 F.2d 316, 320 (7th Cir.1991). It is within the trial court's discretion to permit a witness to testify even though the witness has heard prior testimony in spite of a sequestration order, and the court's decision will not be overturned unless the court has abused its discretion. *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 980 (10th Cir.), *cert. denied*, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *United States v. Shurn*, 849 F.2d 1090, 1094 (8th Cir.1988).

[¶ 6] At least one state appellate court has held sequestration does not apply to rebuttal witnesses. *Martin v. State*, 596 P.2d 899, 901 (Okl.Crim.App.1979). The sequestration rule, however, has clearly been applied to rebuttal witnesses by the federal courts. *See, e.g., United States v. Ell*, 718 F.2d 291, 292 (9th Cir.1983). Some state courts, as well, have applied the sequestration rule to rebuttal witnesses. *See, e.g., State v. Swillie*, 218 Neb. 551, 357 N.W.2d 212, 215 (1984). N.D.R.Ev. 615 does not expressly exclude application to rebuttal witnesses. We agree with the majority of courts which have applied the rule to rebuttal witnesses, giving the trial courts discretion whether to allow testimony by a rebuttal witness who has heard evidence in violation of a sequestration order. *See, e.g., United States v. Hargrove*, 929 F.2d at 320–321 (it is not an abuse of discretion to allow testimony by a witness, who has heard prior testimony in violation of a sequestration order, which is offered to rebut, not conform with, the prior testimony).

[¶ 7] The Seventh Circuit Court of Appeals in *United States v. Bramlet*, 820 F.2d 851, 855 (7th Cir.), *cert. denied*, 484 U.S. 861, 108 S.Ct. 175, 98 L.Ed.2d 129 (1987), succinctly explains why the sequestration rule generally does not require exclusion of the testimony of a rebuttal witness who has heard prior testimony:

[A]pplication of the court's general exclusionary order to the government's rebuttal witnesses was unnecessary. The rationale for excluding adverse witnesses is premised on the concern that once having heard the testimony of others, a witness may inappropriately tailor his or her own testimony to the prior evidence. This concern is justified, for instance, where "fact" or "occurrence" witnesses are called to testify. Under such circumstance, a fact finder's appreciation for and determination of relevant facts and occurrences must remain unsullied by the potential for subtle, yet significantly distorted modification of a witness [sic] testimony.

By contrast, the very function of a rebuttal witness is directed toward challenging the prior testimony of opposing witnesses, thereby enhancing the fact finder's ultimate determination of an ‘objective "truth." ... [R]ebuttal examination cannot be properly conducted without revealing, in some measure, the testimony which is subject to refutation. Moreover, trial by ambush and confoundment of rebuttal witnesses hardly advances the purported goals of reliability and trustworthiness. (Citations omitted.)

[¶ 8] In this case, the State reasonably asserts it had no intention to use any of these three witnesses for rebuttal purposes, until unanticipated evidence was presented in the defendant's case-in-chief.

[¶ 9] Hill claimed he did not have intercourse with the victim. During his case-in-chief, Hill introduced photographs, showing tatoo marks on his private parts, for the purpose of showing if the alleged intercourse occurred the victim should have known about the tatoo marks. Upon introduction of those photographs by Hill, the State decided it needed to recall the victim as a rebuttal witness to testify about the adverse lighting conditions and Hill's physical positioning vis-a-vis the victim to show she did not have a good opportunity to observe the tatoo marks.

[¶ 10] The State also called Jack Lucas, an uncle of the victim, as a rebuttal witness. Lucas used fueling records to refresh his memory about dates he had traveled with the victim, which were called into issue during

the questioning of another witness, Officer Gary Anderson. Lucas' rebuttal testimony was brief and based entirely upon his refreshed memory regarding the travel dates.

[¶ 11] The third rebuttal witness objected to by Hill was Lois Anderson, the mother of Patricia Anderson, a witness Hill called to testify in his case-in-chief. According to the State, the prosecutor was completely surprised by Patricia Anderson's testimony that she lied to a detective and that she was not afraid of the defendant. The State called her mother as a rebuttal witness to counter that unanticipated testimony.

[¶ 12] There is no evidence the State intentionally violated the sequestration rule by calling these rebuttal witnesses. There is no evidence the State is being disingenuous in claiming surprise by the testimony of Hill's witnesses, which compelled the State to use these rebuttal witnesses. The State's rebuttal witnesses were called to refute testimony of Hill's witnesses. There is no showing of an unfair advantage to the State or anything gained by these rebuttal witnesses having heard prior testimony of others. Their testimony was neither tailored to a prior witness's testimony nor made less candid by them hearing it.

[¶ 13] Furthermore, Hill made his objections in the presence of the jury to these rebuttal witnesses having heard prior testimony. The jury was, therefore, apprised of the circumstances and alerted to the potential for the rebuttal testimony being affected by prior testimony.

[¶ 14] A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner. *State v. Schlotman*, 1998 ND 39, ¶ 5, 575 N.W.2d 208. If the objecting party clearly shows, by offer of proof or other appropriate means, a witness's testimony would be influenced by prior testimony the witness heard in violation of a sequestration order, it would be an abuse of discretion for the court to allow the witness to testify. *See Shurn*, 849 F.2d at 1094; *Swillie*, 357 N.W.2d at 215. No such showing is present in this case. Under these circumstances, we are not convinced the court acted in an arbitrary, unconscionable, or unreasonable manner when it allowed the rebuttal witnesses to testify.

## II

### Comment on Defendant's Silence

[¶ 15] Hill claims reversible error occurred at trial when Officer Gary Anderson commented on Hill's decision to remain silent. Detective Anderson testified during Hill's case-in-chief, and the comments by Detective Anderson to which Hill now objects occurred during questioning by Hill's attorney:

Q What did you do to investigate this case?

A I talked to the complainant, I talked to the grandparents, I talked to, like I said, Betty [sic] Anderson. I tried to talk to your client, but you told me I couldn't talk to him.

Q Doesn't he have a right not to talk to you, though?

A Yeah. But that's what I did. You asked me what I done, and that's what I done.

\* \* \* \* \*

Q Okay. Did you check it out, the places where they supposedly had sex, like the—the Bronco? Did you check the Bronco out?

A No. Because, like I stated, you said I couldn't talk to your client.

Q You can look at a Bronco, can't you? I said you couldn't talk to my client?

A Yeah, you did.

Q I did?

A Yeah. I called you on the phone, I don't remember the date, but I asked you if I could talk to your client, and you said no.

[¶ 16] When a defendant invokes his Fifth Amendment right against self-incrimination by choosing to remain silent, it is a violation of the defendant's due process rights to use his silence for impeachment. *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). An officer's testimony, in response to a question from the prosecutor, that the defendant has invoked the Fifth Amendment is an improper

comment on the defendant's right to remain silent and is constitutional error which may be reviewed on appeal even though not objected to at the time of trial. *State v. Schneider*, 270 N.W.2d 787, 792 (N.D.1978).

[¶ 17] In *State v. Janda*, 397 N.W.2d 59, 66 (N.D.1986), we held a prosecutor's use of a defendant's post-arrest silence is error and the following factors, among others, are appropriate to consider in determining whether the error was harmless:

1. The use to which the prosecution puts the postarrest silence.

2. Who elected to pursue the line of questioning.

3. The quantum of other evidence indicative of guilt.

4. The intensity and frequency of the reference.

5. The availability to the trial judge of an opportunity to grant a motion for mistrial or to give curative instructions.

[¶ 18] Having considered these relevant factors, we conclude Detective Anderson's comments did not constitute reversible error. The comments were invited during questioning by Hill's attorney, not the prosecutor. Hill's attorney asked the detective if he had checked out the Bronco, which allegedly had been used by the defendant during one of the sexual acts. The detective responded he had not because "you said I couldn't talk to your client." Hill's attorney then repeats the statement in asking, "I said you couldn't talk to my client?" to which the detective responded, "Yeah." The detective's statements only indirectly, if it all, refer to the defendant's silence. Fairly interpreted, the detective testified he did not seek Hill to search the Bronco because Hill's attorney told him not to talk with Hill. The detective's answers were a direct comment upon the attorney's instructions, but constituted, at most, an oblique, and indirect reference to Hill's right to remain silent.

[¶ 19] Furthermore, the prosecutor neither solicited the detective's comments nor made any use of them during the trial. The line of questioning was pursued entirely by Hill's own attorney, and the detective's comment was very brief.

[¶ 20] There is also considerable evidence of Hill's guilt. There is corroborating evidence to the complainant's testimony Hill committed the charged sexual acts against her. A physician testified the complainant's physical condition is consistent with these sexual acts having been committed. The testimony of the complainant's uncle about dates on which the victim was available for the defendant to commit these acts, also corroborated the complainant's testimony. The record also contains evidence the defendant admitted to others having committed certain sexual acts with the complainant. The defendant, while testifying at the trial, admitted making the statement, "I'm having to resort to have people ... lie for me now, just to, you know, just to get out of it."

[¶ 21] Hill's counsel moved for a mistrial based on the detective's unsolicited comments about Hill's silence. However, the trial court denied the motion, because the comments were invited by Hill's attorney. *See State v. Robideaux*, 493 N.W.2d 210, 214 (N.D.1992) (a defendant cannot complain of invited error); *see also State v. Austin*, 520 N.W.2d 564, 570 (N.D.1994) (defendant cannot complain about error invited upon the court). Having reviewed the record and evaluated the relevant factors, we conclude Detective Anderson's comments did not constitute reversible error.

### III

### Hearsay Evidence

[¶ 22] Lois Anderson testified about an admission Hill made to her daughter. Hill claims this testimony constituted double hearsay and its admission was reversible error. At the close of the case, the defendant moved the trial court for a new trial. In his motion, Hill did not raise the issue that Lois Anderson's testimony constituted hearsay evidence. The only issue raised by Hill on the motion for new trial relating to Lois Anderson's testimony was that Lois Anderson should not have been called to testify as a rebuttal witness because she heard testimony of other witnesses in violation of the sequestration order. The two issues are entirely separate and distinct. By

raising the sequestration issue, Hill neither raised nor preserved the hearsay issue, upon which the trial court had no opportunity to rule in the motion for new trial. When a party moves for a new trial, any subsequent appeal by that party is limited to review of grounds presented to the trial court in the motion for new trial. *State v. Syring,* 524 N.W.2d 97, 100 (N.D.1994). Hill has not preserved this issue for review on appeal and we, therefore, do not reach it.

[¶ 23] Judgment affirmed.

[¶ 24] VANDE WALLE, C.J., and NEUMANN, SANDSTROM, and KAPSNER, JJ., concur.