Tufte, Justice.
 

 [¶1] Paul Schaffner appeals a district court order finding him guilty of prostitution/solicitation under City of Bismarck, N.D., Code of Ordinances § 6-05-08(1)(b). Because there was sufficient evidence of prostitution/solicitation and because any potential argument concerning a conflict between the city ordinance and state law is waived, we affirm.
 

 I
 

 [¶2] In May 2017, the Bismarck Police Department conducted a sting operation to find and apprehend individuals seeking to exchange money for sexual acts. Law enforcement placed sexually suggestive advertisements on backpage.com, which according to Detective Lance Allerdings is a well-known website in which men solicit prostitutes. The advertisements were placed in the "women seeking men" category and included sexually suggestive language and images.
 

 [¶3] Schaffner called the phone number listed in one of the advertisements. Although law enforcement did not answer, they determined through their computer records that the caller was Schaffner. Schaffner conversed via text message, including stating, "Room ... 225 to hang out works." Detective Scott Betz testified that "hang out" is a common, ambiguous term used to avoid discussing specific sexual activities because individuals are worried that they're communicating with law enforcement. Detective April McCarthy testified that she called Schaffner, identifying herself as the individual in the advertisement. During this conversation, Detective McCarthy, posing as the individual from the advertisement, referenced "specials," which she testified is sexual contact "outside the realm of normal protected vaginal intercourse."
 

 [¶4] Schaffner also contacted the phone number in a second advertisement placed on backpage.com by law enforcement. Detective Allerdings, posing as the individual
 from the advertisement, asked Schaffner via text message if he was "interested," to which Schaffner responded, "Yes if you are over 18." Detective Allerdings then stated, "My suggested donations are 120 hhr 200 fh," which he testified meant that the prostitute's rates were $120 for a half hour and $200 for a full hour. Detective Allerdings testified that "these are terms specifically use[d] in the commercial sex industry to illustrate a rate for sexual service." Later in the conversation, Detective Allerdings asked, "How long are you looking to hang?" Schaffner replied, "Half." Schaffner also asked, "What's on your menu," which Detective Allerdings testified is a way of asking which sexual activities the prostitute will perform.
 

 [¶5] Schaffner arrived at room 225 of the Expressway Suites Hotel. Law enforcement on scene arrested him for solicitation of prostitution. They inspected his phone and discovered the text message conversation they had with him. His phone number matched the one that contacted them. Schaffner had $276 in cash on him, which Detective Jeremy Seeklander testified was significant because individuals generally pay for sexual activities with cash. After Schaffner was arrested and was read his Fifth Amendment rights, he stated, "I knew it."
 

 II
 

 [¶6] Schaffner argues there was insufficient evidence to find him guilty of prostitution/solicitation.
 

 In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the conviction.
 
 State v. Kinsella
 
 ,
 
 2011 ND 88
 
 , ¶ 7,
 
 796 N.W.2d 678
 
 (quoting
 
 State v. Wanner
 
 ,
 
 2010 ND 121
 
 , ¶ 9,
 
 784 N.W.2d 143
 
 ). "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict."
 

 Id.
 

 We do not reweigh conflicting evidence or judge the credibility of witnesses.
 

 Id.
 

 State v. Truelove
 
 ,
 
 2017 ND 283
 
 , ¶ 7,
 
 904 N.W.2d 342
 
 . Section 6-05-08(1)(b), City of Bismarck, N.D., Code of Ordinances provides, "A person is guilty of the offense of prostitution if that person ... [s]olicits another person with the intention of being hired or hiring another to engage in sexual activity."
 

 [¶7] Schaffner responded to multiple ads on backpage.com, which is an Internet site commonly associated with the solicitation of prostitution. The ads were placed in the "women seeking men" category and included language and images that were sexually suggestive. Schaffner contacted the phone numbers listed in the ads, inquiring about sexual activities. Schaffner was provided the rates for sexual activities and indicated he wanted the half-hour rate. He arrived at the stated hotel room. He had enough cash on his person to pay for the sexual activities. This evidence was sufficient to convict Schaffner of prostitution/solicitation.
 

 III
 

 [¶8] Schaffner argues that because the ordinance conflicts with N.D.C.C. § 12.1-29-03, he could not have been charged under the ordinance. Because this issue was not raised at the district court, we deem it waived.
 
 See
 

 City of Bismarck v. Nassif
 
 ,
 
 449 N.W.2d 789
 
 , 792-93 (N.D. 1989). Schaffner argues that he preserved the issue under
 
 State v. Himmerick
 
 ,
 
 499 N.W.2d 568
 
 (N.D. 1993).
 
 Himmerick
 
 provided that "the entry of a not guilty plea in a criminal bench trial case is adequate to preserve
 
 the issue of sufficiency of the evidence
 
 for appeal."
 

 Id.
 

 at 572
 
 (emphasis
 added). Although Schaffner pleaded not guilty in his criminal bench trial, because
 
 Himmerick
 
 preserves only a "sufficiency of the evidence" issue,
 
 Himmerick
 
 is inapplicable to the issue of whether city and state laws conflict. Schaffner does not argue that this issue constitutes obvious error under N.D.R.Crim.P. 52(b) and fails to adequately brief how the city ordinance conflicts with N.D.C.C. §§ 12.1-29-03 and 12.1-29-06, which together prohibit the same conduct as the ordinance: prostitution and solicitation of prostitution.
 

 IV
 

 [¶9] We affirm the order, concluding the evidence was sufficient to find Schaffner guilty of prostitution/solicitation and any potential argument concerning a conflict between the city ordinance, § 6-05-08(1)(b), and state law is waived.
 

 [¶10] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.