Tufte, Justice.
[¶ 1] Brian Vanberkom appeals from a criminal judgment entered after the district court found him guilty of reckless driving. Because there was sufficient evidence of reckless driving and double jeopardy did not bar prosecution, we affirm.
I
[¶ 2] In April 2017, Deputy Robert VanWinkle was dispatched to a one-vehicle crash at an intersection on Highway 8 in Mountrail County. The intersection is a "T" intersection, where a westbound roadway ends when it meets Highway 8. Deputy VanWinkle found the vehicle at rest approximately 150 yards from the road. He testified that the vehicle appeared to have been traveling westbound and that skid marks on the road started before the stop sign at the intersection and extended across the road, where the car went through a fence and into a slough.
[¶ 3] According to Deputy VanWinkle, Vanberkom was the only occupant of the vehicle and stated he was coming from Kenmare. Deputy VanWinkle concluded that speed was a factor in the crash. When asked whether he had been drinking that night, Vanberkom replied that he "drank approximately 10 to 12 beers" and told Deputy VanWinkle he should not have been driving.
[¶ 4] Vanberkom was cited for three moving violations, including N.D.C.C. § 39-09-01.1 ("Care required in operating vehicle"). He was also charged with reckless driving. The district court found Vanberkom guilty of reckless driving in violation of N.D.C.C. § 39-08-03.
II
[¶ 5] Vanberkom argues there was insufficient evidence to find him guilty of reckless driving.
In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the conviction. State v. Kinsella , 2011 ND 88, ¶ 7, 796 N.W.2d 678 (quoting State v. Wanner , 2010 ND 121, ¶ 9, 784 N.W.2d 143 ). "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." Id. We do not reweigh conflicting evidence or judge the credibility of witnesses. Id.
State v. Truelove , 2017 ND 283, ¶ 7, 904 N.W.2d 342. A person is guilty of reckless *766 driving "if the person drives a vehicle: 1. Recklessly in disregard of the rights or safety of others; or 2. Without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another." N.D.C.C. § 39-08-03.
[¶ 6] There was evidence presented sufficient to support a conviction under subsection 2. Vanberkom was the only occupant of the vehicle. He stated he was coming from Kenmare and never claimed any other person drove. Deputy VanWinkle testified that skid marks on the road started before the stop sign and went across the road where the car went into a slough; that the vehicle came to rest approximately 150 yards from the road; that a fence was demolished; that speed was a factor in the crash; that Vanberkom acknowledged that he "drank approximately 10 to 12 beers"; and that Vanberkom told him he should not have been driving. Reviewing this evidence in a light most favorable to the prosecution and giving the prosecution all reasonable inferences, we conclude a rational fact finder could conclude this evidence was sufficient to convict Vanberkom of reckless driving beyond a reasonable doubt.
III
[¶ 7] Vanberkom argues that jeopardy attached when he was convicted of Care Required in violation of N.D.C.C. § 39-09-01.1 and that the subsequent charge for reckless driving for the same conduct violated his constitutional rights. The Fifth Amendment to the United States Constitution states, "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." Similarly, the North Dakota Constitution provides, "No person shall be twice put in jeopardy for the same offense." N.D. Const. art. I, § 12. Our precedent has applied the state constitutional provision to provide protection equivalent in scope to the Fifth Amendment. State v. Allesi , 216 N.W.2d 805, 817-18 (N.D. 1974). Section 39-09-01.1, N.D.C.C., provides:
Any person driving a vehicle upon a highway shall drive the vehicle in a careful and prudent manner, having due regard to the traffic, surface, and width of the highway and other conditions then existing, and shall give such warnings as are reasonably necessary for safe operation under the circumstances. No person may drive any vehicle upon a highway in a manner to endanger the life, limb, or property of any person.
[¶ 8] Section 39-06.1-09, N.D.C.C., states: "For the purposes of section[ ] 39-06.1-06 ... a 'moving violation' means a violation of section ... 39-09-01.1 ...." Section 39-06.1-06(2)(j), N.D.C.C., provides: "The fees required for a noncriminal disposition under section 39-06.1-02 or 39-06.1-03 must be as follows: ... 2. For a moving violation as defined in section 39-06.1-09, a fee of twenty dollars, except for: ... j. A violation of section 39-09-01.1, a fee of thirty dollars." Thus, a violation under the "care required" statute ( § 39-09-01.1 ) is classified as a moving violation and carries an administrative fee of thirty dollars. It is not classified as a criminal offense, nor does it resemble one in terms of severity. Compare N.D.C.C. § 39-06.1-06(2)(j), with N.D.C.C. § 12.1-32-01 (classifying offenses and their respective penalties). Vanberkom was not prosecuted twice for the same offense. For double-jeopardy purposes, he was placed in jeopardy only once. A modest, non-punitive administrative fee imposed for a moving violation is not a basis for a double-jeopardy claim. State v. Zimmerman , 539 N.W.2d 49, 55-56 (N.D. 1995). Accordingly, the constitutional protection against double jeopardy is not applicable here and did not prevent *767 Vanberkom from being charged and convicted of reckless driving. See State v. Stewart , 1999 ND 154, ¶ 25, 598 N.W.2d 773 ; State v. Jacobson , 545 N.W.2d 152, 153 (N.D. 1996).
IV
[¶ 9] We affirm the judgment, concluding the evidence was sufficient to find Vanberkom guilty of reckless driving and double jeopardy does not bar a criminal prosecution following a noncriminal moving violation premised on the same conduct.
[¶ 10] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.