# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 262

State of North Dakota,                                    Plaintiff and Appellee

v.

Michelle Renee Vetter,                              Defendant and Appellant

## No. 20190054

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Marina Spahr, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Irvin B. Nodland, Bismarck, N.D., for defendant and appellant.

Paul R. Emerson, Assistant Attorney General, Bismarck, N.D., for amicus curiae State of North Dakota.

**Tufte, Justice.**

[¶1]   Michelle Vetter appeals from an order deferring imposition of sentence entered after a jury convicted her of child abuse. On appeal, Vetter asks this Court to take judicial notice of filings from her divorce case against the complainant. She also argues the definition of "bodily injury" in N.D.C.C. § 12.1-01-04 is unconstitutionally vague. Finally, she argues the evidence at trial was insufficient to sustain a verdict of guilty. We affirm.

I

[¶2]   On the evening of November 15, 2017, Vetter, her then-husband, and their eight-year-old daughter, B.V., were sitting on the couch in their home. While playing together, B.V. bumped Vetter in the nose. In response, Vetter hit B.V. in the side with a closed fist. Days later, Vetter's husband discovered bruising on B.V.'s side and reported the incident to law enforcement.

[¶3]   The State charged Vetter with child abuse. The complaint alleged Vetter, "who is the parent of B.V. . . . , struck B.V. causing pain and bruising." Vetter moved to dismiss, arguing the definition of "bodily injury" under N.D.C.C. § 12.1-01-04 is unconstitutional. The district court denied the motion.

[¶4]   The case proceeded to trial, which was held in August 2018. At trial, B.V. testified that her mother struck her with a closed fist, which caused stomach pain. Vetter's ex-husband testified that he observed the incident. The jury convicted Vetter of child abuse, and the district court deferred imposition of sentence. Vetter now appeals.

II

[¶5]   Vetter asks us to take judicial notice of certain filings from her divorce case against the complainant in this case. Under N.D.R.Ev. 201(b)(2), a court may judicially notice an adjudicative fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

1

[¶6] The jury found Vetter guilty in August 2018, and the order deferring imposition of sentence was entered January 2019. The filings Vetter asks us to judicially notice were entered April and June 2019. These are not facts that were available to the district court below, and they are the subject of reasonable dispute. Vetter's request that we take judicial notice is denied.

III

[¶7] Vetter argues the statute under which she was convicted, N.D.C.C. § 14-09-22, and by reference, N.D.C.C. § 12.1-01-04(4), is unconstitutionally vague. Specifically, she challenges the inclusion of "pain" in the definition of "bodily injury," because it does not put parents on adequate notice of what conduct is proscribed.

> Whether a law is unconstitutional is a question of law, which is fully reviewable on appeal. *State v. Holbach*, 2009 ND 37, ¶ 23, 763 N.W.2d 761. A law is not unconstitutionally vague if: (1) the law creates minimum guidelines for the reasonable police officer, judge, or jury charged with enforcing the law, and (2) the law provides a reasonable person with adequate and fair warning of the prohibited conduct. *State v. Brown*, 2009 ND 150, ¶ 33, 771 N.W.2d 267. A law is "not unconstitutionally vague 'if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law.'" *Holbach*, at ¶ 24 (quoting *In re Disciplinary Action Against McGuire*, 2004 ND 171, ¶ 19, 685 N.W.2d 748).

*Interest of D.D.*, 2018 ND 201, ¶ 12, 916 N.W.2d 765.

[¶8] We conclude N.D.C.C. § 14-09-22 is not unconstitutionally vague. Section 14-09-22, N.D.C.C., in relevant part, proscribes a parent willfully inflicting "bodily injury" on her child. This section references the definition of "bodily injury" in N.D.C.C. § 12.1-01-04(4), which includes "any impairment of physical condition, including physical pain." Vetter does not argue that pain was inflicted in the course of parental discipline. This definition is broad because willful infliction of physical pain on one's child includes a wide range

2

of conduct. But the boundary between proscribed and non-proscribed conduct gives sufficient guidance to those tasked with enforcing the law.

[¶9]   The statute also puts a reasonable person on adequate notice as to what conduct constitutes child abuse. We have said that "[p]ain, which is a qualifying, but not necessary, circumstance of bodily impairment under N.D.C.C. § 12.1-01-04(4), is a phenomenon of common experience and understanding." *State v. Hannah*, 2016 ND 11, ¶ 9, 873 N.W.2d 668. Measured by common understanding and practice, the definition of "bodily injury" under N.D.C.C. § 12.1-01-04(4) gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law. Therefore, we conclude N.D.C.C. § 14-09-22 is not unconstitutionally vague.

IV

[¶10] Vetter argues there was insufficient evidence to find her guilty of child abuse.

> In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the conviction. *State v. Kinsella*, 2011 ND 88, ¶ 7, 796 N.W.2d 678 (quoting *State v. Wanner*, 2010 ND 121, ¶ 9, 784 N.W.2d 143). "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Id.* We do not reweigh conflicting evidence or judge the credibility of witnesses. *Id.*

*State v. Truelove*, 2017 ND 283, ¶ 7, 904 N.W.2d 342.

[¶11] The State charged Vetter with child abuse under N.D.C.C. § 14-09-22, which provides, in relevant part:

> [A] parent, adult family or household member, guardian, or other custodian of any child, who willfully inflicts or allows to be inflicted upon the child mental injury or bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1-01-04 is guilty of a class C felony.

"Bodily injury" is defined as "any impairment of physical condition, including physical pain."

[¶12] We conclude the evidence presented at trial supports the jury's guilty verdict. Vetter did not dispute that she is B.V.'s parent. B.V. testified that Vetter hit her in the side, causing stomach pain. Vetter's ex-husband testified that he saw Vetter punch B.V. with a closed fist. The State introduced photographs of bruising on B.V.'s side. A jury could reasonably conclude from the manner and severity of Vetter's hit that the act was willful. Reviewing this evidence in a light most favorable to the verdict and giving it all reasonable inferences, we conclude a rational fact finder could conclude this evidence was sufficient to convict Vetter of child abuse beyond a reasonable doubt.

V

[¶13] We affirm the order deferring imposition of sentence, concluding that Vetter has not demonstrated N.D.C.C. § 12.1-01-04(4) is unconstitutional and that the evidence was sufficient to find Vetter guilty of child abuse.

[¶14] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.