2011 ND 56

STATE of North Dakota, Plaintiff and Appellee

v.

Sierra CHRISTIAN, Defendant and Appellant.

Nos. 20100190–20100192.

Supreme Court of North Dakota.

March 22, 2011.

Gary D. Neuharth, State's Attorney, Oakes, ND, for plaintiff and appellee.

Jason M. Hastings, Hastings Law, L.L.C., Fergus Falls, MN, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Sierra Christian appealed three criminal judgments entered after a jury found her guilty of child endangerment, possession of a controlled substance, and possession of drug paraphernalia. We affirm.

I.

[¶ 2] Sierra Christian lived in a home owned by Darell Schrum, who had two children. The younger of the two children, S.S., lived at the home and also spent time at her grandmother's residence. Christian and Schrum's relationship began when Christian served as a nanny to Schrum's children, and the relationship eventually became romantic.

[¶ 3] In 2009, law enforcement obtained a search warrant to search Schrum's home. The chief of police, Michael Frannea, and a sheriff's deputy, Chris Estes, searched the home. They found a mashing bowl, a mallet, an agate stone, a pestle, a credit card, and pen barrels in a common area of the home. They also found another pen barrel in a night stand of a room they thought to be Christian's bedroom. They submitted the items to the State Crime Lab, which tested two pen barrels positive for cocaine. The State charged Christian with three separate criminal charges: child endangerment, possession of a controlled substance, and possession of drug paraphernalia.

[¶ 4] At trial, the State called four witnesses. The first witness, Deputy Estes, identified Schrum's children, S.S., age 15, and a sibling, age 19. He testified S.S. resided in the home, as did Christian. He also testified he previously observed S.S. come and go from the home.

[¶ 5] Chief Frannea testified to the romantic relationship between Schrum and Christian. He also described the search, his observation of "white specks" on some of the paraphernalia, and some of the photographs he took during the search. Some of the photographs and all of the paraphernalia were entered as exhibits. He testified that while he did not find any items specifically identifying Christian in the bedroom, he did observe women's clothing and other personal items.

[¶ 6] The State also called Darell Schrum as a witness, but he claimed the Fifth Amendment right not to testify. The last witness, Charlene Schweitzer, a forensic scientist at the State Crime Lab, testified the items seized are common drug paraphernalia. She also testified the two barrels she tested were positive for cocaine.

[¶ 7] At the close of the State's evidence, Christian moved for acquittal under N.D.R.Crim.P. 29, arguing the State failed to prove the essential elements for each charge beyond a reasonable doubt. The district court denied the motion, finding sufficient evidence to present each of the three charges to the jury. The jury re-

turned a guilty verdict on all three charges.

## II.

[¶ 8] Christian argues the district court erred by denying her motion for a judgment of acquittal on each charge because the State did not present sufficient evidence to prove each charge beyond a reasonable doubt. When a defendant challenges the sufficiency of the evidence:

> [T]his Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.... A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Wanner*, 2010 ND 121, ¶ 9, 784 N.W.2d 143 (quoting *State v. Dahl*, 2009 ND 204, ¶ 6, 776 N.W.2d 37).

### A.

[¶ 9] Christian contends the evidence was insufficient to support the jury verdict convicting her of child endangerment. Section 19–03.1–22.2(2), N.D.C.C., provides: "a person who knowingly or intentionally causes or permits a child or vulnerable adult to be exposed to, to ingest or inhale, or to have contact with a controlled substance, chemical substance, or drug paraphernalia ... is guilty of a class C felony." Circumstantial evidence alone can be sufficient to sustain a jury's guilty verdict if "the circumstantial evidence has

such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *State v. Dahl*, 2010 ND 108, ¶ 17, 783 N.W.2d 41 (quoting *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819).

[¶ 10] Testimony from Deputy Estes established S.S. was a minor who lived in the house where the paraphernalia and cocaine were found, the same house where Christian resided. He also testified he observed S.S. come and go from the house. Deputy Estes' testimony creates a reasonable inference Christian knowingly exposed S.S. to cocaine or drug paraphernalia because it places S.S. in the home where they both lived, around the time the cocaine and paraphernalia were found. *See State v. Dymowski*, 458 N.W.2d 490, 499 (N.D.1990) (holding evidence of the accused's location of residence sufficient to sustain the denial of a defendant's motion to acquit in a drug possession case). Sufficient competent evidence supports the jury's guilty verdict.

### B.

[¶ 11] Christian contends the evidence was insufficient to support the jury verdict convicting her of possession of a controlled substance. Section 19–03.1–23(7), N.D.C.C., provides: "It is unlawful for any person to willfully, as defined in section 12.1–02–02, possess a controlled substance." *See also* N.D.C.C. § 19–03.1–07(3)(d) (cocaine is a schedule II controlled substance). Possession may be "actual or constructive, exclusive or joint and may be shown entirely by circumstantial evidence." *State v. Demarais*, 2009 ND 143, ¶ 8, 770 N.W.2d 246 (quoting *State v. Morris*, 331 N.W.2d 48, 53 (N.D.1983)). Constructive possession is proven where evidence "establishes that the accused had the power and capability to exercise dominion and control over the [controlled

substance]." *Id.; see also Morris,* 331 N.W.2d at 54 (allowing for an inference of constructive possession under a "totality of [the] circumstances").

[¶ 12] The State presented the testimony of a forensic scientist from the State Crime Lab who stated she tested two pen barrels positive for cocaine, one found in a common area and one found in a bedroom. Moreover, the State elicited testimony from Deputy Estes and Chief Frannea that they found drug paraphernalia, some with white specks, in Christian's home. They also testified the items seized—including pen barrels, an agate stone, a credit card, a mashing bowl, and a pestle—are items commonly used by those who possess and use drugs.

[¶ 13] One of the pen barrels that tested positive for cocaine was found in a night stand in Christian's bedroom. Although at the time of the search, Christian disputed the room with the night stand was her bedroom, Deputy Estes and Chief Frannea concluded it was her bedroom because of the presence of women's clothing and other personal items. The room Christian told the officers was her bedroom was filled with mostly unopened boxes and looked unused. Chief Frannea testified he heard Darell Schrum, who was on speaker phone with Christian, say he often slept on a couch in a different room than the room with the night stand.

[¶ 14] This circumstantial evidence created a reasonable inference Christian willfully possessed cocaine because the cocaine was found in her bedroom—a place where she had the ability to exercise dominion and control over the cocaine. *See State v. Demarais,* 2009 ND 143, ¶¶ 10–11, 770 N.W.2d 246 (holding circumstantial evidence sufficient to sustain a guilty verdict where meth and meth paraphernalia were found in the defendant's bedroom inside a purse).

C.

[¶ 15] Christian contends the evidence was insufficient to support the jury verdict convicting her of possession of drug paraphernalia. Section 19–03.4–03, N.D.C.C., provides: "A person may not use or possess with intent to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of chapter 19–03.1." Constructive possession can be inferred from a totality of the circumstances. *See Morris,* 331 N.W.2d at 54; *see also Demarais,* at ¶ 8.

[¶ 16] In most cases involving possession of drug paraphernalia, intent to use the paraphernalia for the purpose of ingesting, preparing, or storing a controlled substance must be proven by circumstantial evidence. *Demarais,* at ¶ 9. Here, testimony established that two pen barrels tested positive for cocaine. Testimony also established that pen barrels are commonly used to ingest cocaine. One of the barrels was found in Christian's night stand, and the other was found in a common area with other paraphernalia, including an agate stone, a credit card, a pestle, and mashing bowls.

[¶ 17] This circumstantial evidence demonstrates Christian's intent to use the paraphernalia because it placed the paraphernalia in her bedroom and in a common area, a location where she had the ability to exercise dominion and control over the paraphernalia. *See Demarais,* at ¶ 11 (concluding sufficient evidence supported a guilty jury verdict where Q-tips and baggies found within a purse in the defendant's shared bedroom tested positive for

meth). Sufficient competent evidence supports the jury's verdict convicting Christian of possessing drug paraphernalia.

### III.

 [¶ 18] Christian contends the district court erred by instructing the jury that "[c]ocaine residue is cocaine." Specifically, Christian argues this jury instruction did not adequately advise the jury of the applicable law because "dirty" paraphernalia alone is not evidence sufficient to prove possession of cocaine. This position is not supported by the language of N.D.C.C. § 19–03.1–23(7), which Christian was charged with violating.

[¶ 19] We review jury instructions "as a whole to determine whether they fairly and adequately advise the jury of the applicable law." *State v. Buckley*, 2010 ND 248, ¶ 24, 792 N.W.2d 518 (quoting *State v. Bauer*, 2010 ND 109, ¶ 10, 783 N.W.2d 21). The applicable law is found in N.D.C.C. § 19–03.1–23(7), which provides, "[i]t is unlawful for any person to willfully, as defined in section 12.1–02–02, possess a controlled substance." This provision does not grade offenses based on varying amounts of cocaine. *Cf.* N.D.C.C. § 19–03.1–23(7) (grading offenses based on varying amounts of marijuana). Further, the provision does not specify a minimum amount of cocaine—beyond its mere presence—necessary to be convicted of possessing cocaine. Section 19–03.1–23(7), N.D.C.C., prohibits possession of cocaine, regardless of the amount. Therefore, the jury instruction fairly and adequately advised the jury of the applicable law.

### IV.

[¶ 20] We affirm the criminal judgments.

[¶ 21] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.