2016 ND 208

STATE of North Dakota, Plaintiff and Appellee

v.

Charles William RUSSELL II, Defendant and Appellant.

No. 20160065.

Supreme Court of North Dakota.

Nov. 9, 2016.

Stephenie L. Davis, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellee.

Russell J. Myhre, Valley City, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Charles Russell appeals from the judgment entered after a jury found him guilty of possessing drug paraphernalia. Russell argues the district court erred when it granted the State's motion in limine preventing him from cross-examining the arresting officer about a pending criminal charge, and evidence was insufficient to prove beyond a reasonable doubt Russell possessed drug paraphernalia. We affirm.

I

[¶ 2] Russell was a passenger in a car stopped by Corporal Travis Bateman of the McKenzie County Sheriff's Office. Bateman testified he stopped the car because it was in a park in violation of a city ordinance. Bateman testified a red bag fell out when Russell exited the car. Russell picked up the red bag and put it back in the car. Bateman took identification from Russell and the other occupants of the vehicle. Bateman testified he saw a box of syringes when he accompanied another passenger to the trunk to get her identification.

[¶ 3] After running Russell's identification, Russell was arrested on a failure to appear warrant out of McKenzie County. A subsequent search revealed a used syringe in Russell's left breast shirt pocket. The red bag contained syringes, methamphetamine, a digital scale and baggies. The car was very messy and scattered with drugs and other drug paraphernalia. Russell was charged with possession of drug paraphernalia and possession with intent to deliver within 1000 feet of a school.

[¶ 4] Before trial the State orally moved to prevent any mention of a pending criminal charge against Bateman. Bateman had a pending reckless endangerment charge stemming from a traffic stop a year and a half after Russell's arrest. The district court granted the State's motion, determining the charge against Bateman was not relevant to Russell's case. The jury found Russell guilty of possession of drug paraphernalia and not guilty of possession with intent to deliver. Russell appeals his conviction for possession of drug paraphernalia.

II

[¶ 5] Russell argues the exclusion of evidence about Bateman's arrest was a due process violation requiring a new trial under *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He claims under the *Brady–Giglio* line of cases the exclusion of potential impeachment evidence from the jury was a failure to fulfill the duty to present all material evidence.

[¶ 6] The *Brady–Giglio* line of cases requires the government to disclose to the

defendant exculpatory material and impeachment evidence. In *Brady* the Supreme Court held "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. 1194.

[¶ 7] In *Giglio* the prosecution failed to disclose an alleged promise to not prosecute the key witness if he testified for the government. 405 U.S. at 150–151, 92 S.Ct. 763. The Supreme Court held a new trial was required, stating:

> "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within th[e] general rule [of *Brady*.] We do not, however, automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict....' A finding of materiality of the evidence is required under *Brady*. A new trial is required if 'the false testimony could ... in any reasonable likelihood have affected the judgment of the jury....'"

*Id.* at 154, 92 S.Ct. 763 (internal citations omitted). *See also State v. Thiel*, 515 N.W.2d 186, 190 (N.D.1994).

[¶ 8] The analysis whether evidence is admissible under the *Brady–Giglio* line of cases requires a finding of materiality. *See Giglio*, 405 U.S. at 154, 92 S.Ct. 763. In *United States v. Bagley*, the Supreme Court further defined the materiality standard of evidence under *Brady–Giglio*, stating: "[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability'

is a probability sufficient to undermine confidence in the outcome." 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

[¶ 9] Nothing in this record supports a conclusion the State failed to disclose material evidence to Russell. The record reflects Russell's counsel was aware before trial of the charge pending against Bateman. Russell's assertion that preventing cross-examination of Bateman regarding his pending charge constitutes a *Giglio* disclosure violation appears to be an effort to convert a discretionary evidentiary ruling into a constitutional claim. We decline to engage in the conversion.

[¶ 10] To the extent Russell argues the district court abused its discretion granting the State's motion in limine, that argument also fails. "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Kalmio*, 2014 ND 101, ¶ 10, 846 N.W.2d 752 (quoting *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707). "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.*

[¶ 11] Nothing suggests cross-examination of Bateman on his pending charge is admissible for impeachment purposes under the North Dakota Rules of Evidence. Rule 608(b), N.D.R.Ev., governs the admissibility of evidence of specific instances of conduct by a witness for impeachment purposes and states:

> "*(b) Specific Instances of Conduct.* Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.

But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

(1) the witness[.]"

Rule 608(b), N.D.R.Ev., allows for impeachment by specific instances of conduct not yet resulting in a conviction if they are probative of the character for truthfulness or untruthfulness. *See State v. Hoverson*, 2006 ND 49, ¶ 31, 710 N.W.2d 890. Russell provides no authority allowing admission of the evidence for impeachment purposes. Bateman's charge was pending and not a conviction admissible under N.D.R.Ev. 609(a). Russell provides no authority Bateman's reckless endangerment charge is probative of his character for truthfulness or untruthfulness.

[¶ 12] The district court determined the pending charge against Bateman was irrelevant to the case. The district court sought to avoid a "sideshow" trial and noted Bateman's charge was pending and not yet a conviction. We conclude the district court's decision was not arbitrary, unreasonable or unconscionable and the district court did not abuse its discretion.

## III

■ [¶ 13] Russell argues insufficient evidence supports the jury's guilty verdict on the charge of possessing drug paraphernalia.

"Appellate review of the sufficiency of the evidence for a jury verdict is very limited. When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when

viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. We have held, [a] jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty."

*State v. Demarais*, 2009 ND 143, ¶ 7, 770 N.W.2d 246 (internal citations and quotation marks omitted).

■ [¶ 14] Russell argues the messy vehicle with multiple occupants, drugs and drug paraphernalia scattered throughout the car was insufficient to prove possession of drug paraphernalia. Russell also argues Bateman was the only witness to testify to Russell's contact with the red bag. Russell argues he was only getting a ride home in the car and the syringe found on him was never tested.

■ [¶ 15] "[P]ossession may be actual or constructive, exclusive or joint and may be shown entirely by circumstantial evidence." *Demarais*, 2009 ND 143, ¶ 8, 770 N.W.2d 246 (quoting *State v. Morris*, 331 N.W.2d 48, 53 (N.D.1983)). Bateman testified he stopped the car in which Russell was a passenger. Bateman testified after arresting Russell on the failure to appear warrant, a used syringe was found in Russell's left breast pocket. Bateman testified he believed the syringe was used with illicit drugs. A search of the red bag that had been handled by Russell contained syringes, methamphetamine, a digital scale and baggies. A search of the car revealed similar items to the red bag, most containing methamphetamine residue.

[¶ 16] Agent Demetrios Hospidales of the Northwest Narcotics Task Force testified he believed narcotics sales were being conducted in the car. Agent Hospidales came to this conclusion based on the scale

and the amount of baggies and methamphetamine found in the car. The North Dakota State Crime Lab report admitted into evidence indicates five of the six items collected from the car tested positive for methamphetamine or methamphetamine residue. We conclude competent evidence existed for the jury to draw inferences reasonably tending to prove guilt and fairly warranting the conviction.

### IV

[¶ 17] We affirm the district court's judgment of conviction.

[¶ 18]  GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.