# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 39

State of North Dakota,                                    Plaintiff and Appellee

    v.

Patrick Wiese,                                    Defendant and Appellant

### Nos. 20230220 & 20230221

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; submitted on brief.

**Bahr, Justice.**

[¶1]   Patrick Wiese appeals from two criminal judgments entered following a jury verdict finding him guilty of one count of promoting a sexual performance by a minor; one count of patronizing a minor for commercial sexual activity; and twelve counts of possession of certain materials prohibited. We conclude Wiese invited the error he alleges in the jury instructions. We further conclude there was sufficient evidence for a jury to convict. We affirm.

I

[¶2]   The State alleged Wiese used an online messaging service to communicate with the minor victim and to have her send explicit materials to his online messaging account. In return for the materials, Wiese paid cash to or obtained vape products for the victim. Prior to trial, Wiese submitted proposed jury instructions. With regard to the charge of patronizing a minor for commercial sexual activity, Wiese's proposed instruction included the term "willfully" as an essential element of the charge. At the pretrial conference, the district court addressed the preliminary jury instructions, which it had previously sent out. Wiese made no objection to the proposed instructions.

[¶3]   After the evidentiary portion of the trial, the district court provided the parties the draft final jury instructions. After the parties had time to review the draft final instructions, the court discussed the instructions and provided the parties the opportunity to object. The proposed instruction regarding the charge of patronizing a minor for commercial sexual activity included the term "willfully" as part of an essential element. The court referenced the instruction and asked Wiese if he had any objections. Wiese responded, "No, Your Honor."

[¶4]   At trial, a detective testified to obtaining saved messages and images from the victim's phone. The district court received the messages and images into evidence. The detective further testified to locating the materials on the messaging account associated with Wiese. The court received into evidence the information the detective obtained from the messaging service. Wiese also

testified at trial. He admitted the messages were from him; that he asked the victim for pictures, videos, and sex; and that he received nude pictures from the victim.

[¶5] The jury returned a guilty verdict on all counts. Following the jury's verdict, the district court entered criminal judgments.

II

[¶6] Wiese argues the jury instruction for the charge of patronizing a minor for commercial sexual activity improperly included the term "willfully."

[¶7] Rule 28(b)(7)(B)(ii), N.D.R.App.P., requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" Wiese's brief does not cite to the record where Wiese objected to the challenged jury instruction. It also does not provide any argument regarding why this Court can review the challenged jury instruction when the issue was not preserved. Wiese's brief on this issue does not meet the minimum requirements of Rule 28(b)(7). Appellate rules must be complied with and treated respectfully. *Matter of Est. of Raketti*, 340 N.W.2d 894, 898 (N.D. 1983).

[¶8] "The obvious error analysis under N.D.R.Crim.P. 52(b) does not apply to errors waived through the doctrine of invited error." *State v. Yoney*, 2020 ND 118, ¶ 12, 943 N.W.2d 791; *see also State v. Smith*, 2023 ND 6, ¶ 8, 984 N.W.2d 367 ("Obvious error review under N.D.R.Crim.P. 52(b) does not apply to waived or invited errors."). "The rationale for that rule precludes a defendant from inviting error in the hope that if the defendant does not prevail in the trial court, he will prevail upon appellate review of the invited error." *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502 (quoting *State v. Hernandez*, 2005 ND 214, ¶ 12, 707 N.W.2d 449).

[¶9] Wiese's proposed jury instructions included the language he objects to on appeal. By submitting the jury instructions, Wiese invited the error that he now appeals. Thus, the alleged error is waived through the doctrine of invited error. *See State v. Rende*, 2018 ND 56, ¶ 9, 907 N.W.2d 361. We conclude Wiese

2

invited the error he alleges in the jury instructions and, therefore, the alleged error is not reviewable.

## III

[¶10] Wiese argues there was insufficient evidence to convict him of promoting a sexual performance by a minor and possession of certain materials prohibited because the State obtained the prohibited information from the victim's cell phone and the online messaging account's servers, not Wiese's phone. Thus, Wiese argues, there is no evidence he was in possession of the prohibited materials.

[¶11] "To successfully challenge the sufficiency of the evidence on appeal, the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *State v. Haney*, 2023 ND 227, ¶ 7, 998 N.W.2d 817 (quoting *State v. Bear*, 2015 ND 36, ¶ 7, 859 N.W.2d 595). "Possession may be 'actual or constructive, exclusive or joint and may be shown entirely by circumstantial evidence.'" *State v. Christian*, 2011 ND 56, ¶ 11, 795 N.W.2d 702 (quoting *State v. Demarais*, 2009 ND 143, ¶ 8, 770 N.W.2d 246). "Constructive possession is proven where evidence 'establishes that the accused had the power and capability to exercise dominion and control over the [material].'" *Id.* (quoting *Demarais*, at ¶ 8).

[¶12] At trial, a detective testified to locating the materials on an online messaging account associated with Wiese. The State entered evidence of Wiese's conversations with the victim on the messaging service. The messages related to Wiese seeking stimulating sexual materials from the victim, as well as performing sexual acts with the victim. The messages discussed price and payment for the prohibited materials and sexual acts. The messages indicated Wiese actually received the sexually explicit materials. Wiese admitted the messages were from him and that he asked the victim for pictures, videos, and sex. He also admitted he received nude pictures—pictures which included sexual acts—from the victim. In response to why he asked the victim to be quiet, Wiese responded, "Because I didn't think that it was anybody's business to know that I was buying porn."

[¶13] The evidence presented at trial provided the jury with sufficient evidence to make a reasonable inference as to Wiese's possession of the prohibited materials. *See State v. Grant*, 2023 ND 62, ¶ 18, 988 N.W.2d 563 (quoting *State v. Eggleston*, 2020 ND 68, ¶ 7, 940 N.W.2d 645) ("In reviewing challenges to the sufficiency of the evidence on appeal, the defendant 'bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.'"). We conclude there was sufficient evidence for the jury to convict Wiese of promoting a sexual performance by a minor and possession of certain materials prohibited.

IV

[¶14] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We affirm.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr